IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 8, 2005

## MARK ALAN DEAKINS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 245236     Steven M. Bevil, Judge**

---

**No. E2004-01803-CCA-R3-PC - July 5, 2005**

---

The petitioner, Mark Alan Deakins, pled guilty in the Hamilton County Criminal Court to especially aggravated sexual exploitation of a minor, sexual exploitation of a minor, and statutory rape and received an effective eleven-year sentence to be served as one year in jail and the remainder on probation.  Subsequently, the petitioner filed a post-conviction petition, alleging that he was prosecuted under unconstitutional statutes and in violation of ex post facto constitutional provisions. The trial court denied post-conviction relief.  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and J. C. MCLIN, JJ., joined.

Wade Hinton and Daniel J. Ripper, Chattanooga, Tennessee, for the appellant, Mark Alan Deakins.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, III, Assistant Attorney General; William H. Cox, III, District Attorney General; and Yolanda Mitchell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The procedural history in this case is complex, and the petitioner has not included the guilty plea hearing transcript or motions filed in the trial court in the appellate record.  However, we glean the following facts from the petitioner's petitions for post-conviction relief and the trial court's order denying relief:  In August 1998, the petitioner took digital photographs of two minor boys engaging in sexual activity and digital photographs of himself engaging in sexual activity with one of the boys. The boys went to the police, who obtained a search warrant and searched the petitioner's home. During the search, the police seized the petitioner's computer, several computer disks, and a digital

camera. On October 28, 1998, the State charged the petitioner with twenty-three counts of especially aggravated sexual exploitation of a minor and two counts of statutory rape pursuant to Tennessee Code Annotated sections 39-17-1001 to 1007, the Tennessee Protection of Children Against Sexual Exploitation Act (PCSEA). The petitioner retained an attorney, and the attorney filed a motion to dismiss the charges on the basis that after the petitioner was indicted, the legislature amended the definition of "material" in Tennessee Code Annotated section 39-17-1002 to include "[a]ny text or image stored on a computer hard drive, a computer disk of any type, or any other medium designed to store information for later retrieval." See Tenn. Code Ann. § 39-17-1002(2)(C). In the motion, the petitioner alleged that the State's charging him under the amended statute violated ex post facto prohibitions. The trial court denied the motion, holding that the amendment clarified, not enlarged, the type of material prohibited by the Act. The petitioner's attorney filed an application for interlocutory review but withdrew the application when the petitioner agreed to accept a plea offer by the State. Before the plea could be finalized, the petitioner absconded.

In July 2001, the petitioner was captured in Florida. The petitioner's first attorney withdrew, and another attorney was appointed to his case. In December 2001, the petitioner's second attorney withdrew, and the trial court appointed a third attorney. On January 28, 2002, the petitioner's third attorney filed a motion to dismiss, again arguing ex post facto prohibitions. The trial court denied the motion, and the petitioner filed an application for interlocutory review, which this court denied. The petitioner's third attorney withdrew, and the trial court appointed a fourth attorney to represent him. On July 8, 2003, the petitioner pled guilty to especially aggravated sexual exploitation of a minor, a Class B felony; sexual exploitation of a minor, a Class E felony; and statutory rape, a Class E felony. The trial court sentenced him to an effective sentence of eleven years to be served as one year in confinement and the remainder on probation. With time served, the petitioner was released from jail. Subsequently, the petitioner filed a petition for post-conviction relief and several amended petitions, alleging that he received the ineffective assistance of trial counsel because his various trial attorneys failed to argue that the PCSEA is unconstitutionally vague and overbroad, that the State's prosecution of him in light of the amended definition of "material" violated ex post facto prohibitions, and that his fourth attorney failed to reserve a certified question of law regarding these issues when he pled guilty.

At the evidentiary hearing, the petitioner's fourth attorney testified that he had been practicing law since 1989 and had handled several hundred criminal cases. The trial court appointed him to represent the petitioner in May 2002, and he spoke with the petitioner several times about the petitioner's case. He also talked with the petitioner's first and third attorneys. The petitioner's third attorney told him about some of the issues she had raised, including an ex post facto issue that resulted from the PCSEA being amended after the petitioner was charged with the crimes. He stated that he did not consider filing a motion to dismiss based on the ex post facto issue because the petitioner's first and third attorneys had already done so. The petitioner's third attorney told him that after the trial court denied her ex post facto motion, she filed an application for interlocutory appeal with this court, which this court denied. The petitioner decided to plead guilty so that he could get out of jail. The petitioner's fourth attorney testified that if the petitioner had gone to trial and been convicted, he would have raised the Act's vagueness on appeal and that he explained this to the

petitioner. He said he was not familiar with Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S. Ct. 1389 (2002). The petitioner's fourth attorney saw the petitioner two or three times after the petitioner pled guilty, and they never discussed the petitioner withdrawing the plea.

On cross-examination, the petitioner's fourth attorney testified that the petitioner never indicated the petitioner was unhappy with his representation. At some point during his representation, the State offered to let the petitioner plead guilty. The petitioner probably "agonized" over the offer because the petitioner believed the PCSEA was unconstitutional. The petitioner's fourth attorney asked the State if the petitioner could reserve the constitutionality of the statute as a certified question of law, but the State refused. The attorney told the petitioner about the State's refusal, and the petitioner decided to plead guilty.

The petitioner's third attorney testified that she had been practicing law for about seventeen years and represented the petitioner for several months. She stated that the constitutionality of the PCSEA was the primary issue in the petitioner's case because the Act was amended soon after the petitioner was indicted. She believed the amendment implicated ex post facto concerns, and she filed a motion raising the issue in the trial court. The trial court denied the motion, and the petitioner's third attorney filed an application for interlocutory appeal with this court. However, this court denied the motion because she failed to attach a necessary document to the application. The petitioner's third attorney stated that she could have attached the document and refiled the application but that her representation of the petitioner ended before she had a chance to do so. She said she believed the PCSEA was unconstitutional.

The petitioner testified that the police found a computer disk during their search of his home but that there were no pictures on the disk because they had been erased. The petitioner talked about an ex post facto issue with his third attorney, and she filed a motion raising the issue in the trial court. After his third attorney withdrew, the petitioner talked with his fourth attorney a couple of times over the telephone. However, they did not meet for two or three months and did not discuss the petitioner's case. The petitioner had been in jail thirteen months and suffered from panic disorder. After he pled guilty, he was released from confinement. Two weeks after his release, the petitioner learned about the United State's Supreme Court's decision in Ashcroft and went to his fourth attorney's office. He said that if he had known his "appeal chance had not been destroyed . . . [he] would not have entered that plea." On cross-examination, the petitioner acknowledged that he knew he could appeal his case if he had gone to trial and been convicted. However, he did not know what issues could be appealed. He said that he pled guilty because he did not want to wait for a trial date and wanted to get out of jail. He stated that when his fourth attorney told him about the State's plea offer, the attorney told him the State would not allow him to reserve a certified question of law. He acknowledged that he pled guilty wilfully.

The petitioner's first attorney testified for the State that he had been practicing law for twenty-one years. He related that he filed a motion to suppress evidence and a motion dealing with the ex post facto issue. The trial court ruled against the defense on both motions, and the attorney filed an application for interlocutory appeal on the ex post facto issue, which this court denied. The

State offered to let the petitioner plead guilty and allow the petitioner to reserve certified questions of law regarding the suppression of evidence and ex post facto. The petitioner decided to accept the plea but "wasn't real happy about it." On the day of the guilty plea hearing, the petitioner failed to appear in court. The petitioner's attorney went to the petitioner's home and discovered that he had moved.

The petitioner's third attorney was recalled as a witness for the State. She testified that she told the petitioner he would probably be convicted if he went to trial but that he could raise the constitutionality of the statute on appeal. She said that before she was appointed to represent the petitioner, the State made a plea offer, which allowed the petitioner to reserve certified questions of law. However, the petitioner absconded before the guilty plea hearing. She said that when the trial court appointed her to represent the petitioner, she asked the State for the same offer, but the State refused. Subsequently, the State agreed to let the petitioner plead guilty and reserve a certified question of law, but the petitioner refused the offer.

The trial court held that the PCSEA's ban against actual, as opposed to virtual, child pornography, is not overbroad pursuant to Ashcroft. The trial court also held that pursuant to an earlier decision by this court, the statute is not vague under the facts of the petitioner's case. See State v. Bobby Gene Falin, 1993 Tenn. Crim. App. LEXIS 393 (Knoxville, June 22, 1993). Regarding the petitioner's ex post facto claim, the trial court held that the issue had been previously determined. The trial court noted that the petitioner pled guilty in order to be released from confinement and held that he was not prejudiced by his attorneys' failing to raise these issues and that his guilty plea was knowing and voluntary.

On appeal, the petitioner claims that he received the ineffective assistance of counsel because his trial attorneys did not challenge the constitutionality of the PCSEA. Specifically, he contends that the terms "material" and "possess" in the PCSEA are unconstitutionally vague and overbroad and unconstitutional in light of the Ashcroft decision. In addition, he contends that his attorneys never informed him that he could plead guilty and reserve the issue of the Act's constitutionality as a certified question of law. Finally, he contends that his guilty plea was not knowing and voluntary because his attorneys failed to inform him that the amended definition of "material" in the PCSEA was being applied retroactively in violation of ex post facto provisions.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S. C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See

Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

Although the petitioner's brief raises several issues regarding his claim that he received the ineffective assistance of counsel and that his guilty plea was not knowing and voluntary, his argument is centered mainly around the constitutionality of the PCSEA. However, we need not reach the question of the constitutionality of the Act in this case. From the testimony at the post-conviction hearing, it is evident that the petitioner was well aware of the constitutional issues surrounding his case. His attorneys testified that they discussed these issues with him. The evidence shows that the State made three offers to the petitioner. In the first offer, the State allowed the petitioner to reserve certified questions of law regarding the Act. The petitioner's first attorney testified that the petitioner decided to accept that offer but fled Tennessee before his guilty plea hearing. In the second offer, the State again allowed the petitioner to plead guilty and reserve a certified question of law regarding the constitutionality of the statute. However, the petitioner declined that offer. In the State's third and final offer, it allowed the petitioner to plead guilty and receive an effective eleven-year sentence to be served as a year in confinement and the remainder of the sentence on probation. With time already served, the petitioner would be released from confinement. However, the State refused to allow the petitioner to reserve a certified question of law. The petitioner's fourth attorney testified that the petitioner probably "agonized" over whether to accept the State's offer because the petitioner believed the Act was unconstitutional. Nevertheless, the petitioner testified that he accepted the offer because he wanted to get out of jail. We conclude that the petitioner was well aware of the issues surrounding the constitutionality of the Act and made a conscious decision to accept the State's offer. He has failed to show that his attorneys' performance was deficient or that he was prejudiced by any deficiency.

## III.  Conclusion

Based upon the record and the parties briefs, we affirm the trial court's denial of the petition for post-conviction relief.

_____

NORMA McGEE OGLE, JUDGE